UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. Ronald Hillock, | ) ) ) | No. 13 C 1971 |
| Petitioner, | ) ) ) | Judge Thomas M. Durkin |
| v. | ) ) | |
| Nedra Chandler, Warden, Dixon Correctional Center, | ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Ronald Hillock, a state prisoner serving an aggregate sentence of 29 years of imprisonment for theft and identity theft, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hillock acknowledges that the claim he raises in his § 2254 petition was not raised in one complete round of state court review and seeks a stay of these proceedings so he may pursue this claim in state court. R. 12. Respondent Warden Nedra Chandler answered the petition, arguing that Hillock's claim was procedurally defaulted, R. 9, and opposed Hillock's request for a stay, claiming that a stay is not warranted, R. 13. For the foregoing reasons, Hillock's § 2254 petition and motion to stay are denied, and he is not entitled to a certificate of appealability.

**Background**

In January 2006, Hillock pled guilty to numerous counts of theft. R. 9, Exh. A at 1-2. At the guilty plea hearing, the parties stipulated to the factual bases of

Hillock's offenses. Hillock took checks from many of his clients who had employed Hillock as their accountant and given him those checks for payment of their federal income taxes; instead of forwarding these checks to the Internal Revenue Service, Hillock stole the funds and converted them for his own personal use to live an extravagant lifestyle.[1] *Id.*, Exh. A at 2, 10. The amount Hillock stole from his victims totaled around $2.7 million. *Id.*, Exh. A at 10. The state trial court conducted a sentencing hearing and then imposed an aggregate prison sentence of 29 years. *Id.*

After the trial court denied his motions to reconsider his sentence and vacate his guilty plea, Hillock appealed, arguing that he was denied a fair sentencing hearing when the trial court became "personally invested" in his sentence, "demonstrated animus" toward him, and compared the offense of theft to "shooting a person in the head." *Id.*, Exhs. B, C, & D. The state appellate court affirmed, *id.*, Exh. A at 2, and Hillock's ensuing petition for leave to appeal ("PLA") in the Illinois Supreme Court raising the same claim was denied on September 24, 2008, *id.*, Exhs. E & F.

While his direct appeal was pending, Hillock simultaneously pursued state postconviction relief. Hillock's first pro se postconviction petition, filed on June 12, 2008, alleged that appellate counsel was ineffective for failing to argue on direct

---

[1] 28 U.S.C. § 2254(e)(1) cloaks the state court's factual findings in a presumption of correctness. That presumption may be rebutted only by clear and convincing evidence. *Id.* Hillock has not attempted to rebut § 2254(e)(1)'s presumption. Accordingly, the state court's factual findings are presumed correct.

appeal that (1) the trial court did not adequately admonish him that some of his sentences would run consecutively; and (2) trial counsel was ineffective for failing to adequately investigate erroneous information in a letter that Hillock himself had caused to be tendered in mitigation at sentencing. *See id.*, Exh. G at 2. Appointed counsel filed a supplemental petition, alleging that Hillock's guilty pleas were involuntary because the trial court failed to properly admonish him that his sentences would run consecutively in violation of Illinois Supreme Court Rule 402.[2] *See id.*, Exh. G. at 3.[3]

After the state circuit court dismissed Hillock's postconviction petition, *id.*, Exh. H, Hillock appealed, raising the same claims that he had presented in his postconviction petition. *Id.*, Exhs. I, J, & K. The state appellate court affirmed the circuit court's judgment denying postconviction relief, *id.*, Exh. G, and denied Hillock's petition for rehearing, *id.*, Exhs. L & M. Hillock then pursued discretionary review in the state supreme court. Hillock's PLA asserted just one claim for relief: appellate counsel was ineffective for failing to argue on direct appeal that the trial court, at the plea hearing, did not properly admonish him

---

[2] Because Hillock committed two theft offenses while he was free on bond for his previous offenses, the state trial court ordered that his sentences for these two offenses would be served consecutively to his sentences for the other theft offenses. R. 9, Exh. G at 1.

[3] Neither Hillock's postconviction petition nor his appointed counsel's supplemental petition was included in the Warden's Rule 5 exhibits, but as the Warden notes, this Court can discern the claims raised in those petitions from the recounting of the contents of those petitions by the state appellate court in Hillock's postconviction appeal.

3

about his mandatory consecutive sentences. *Id.*, Exh. N. The state supreme court denied Hillock's PLA on November 28, 2012. *Id.*, Exh. O.

While pursuing this first round of postconviction relief, Hillock pressed on with three other state collateral attacks. In November 2010, he filed a petition for relief from judgment, *see* 735 ILCS 5/2-1401, arguing that his plea was not knowing and voluntary because he was not advised of either the sentencing range or the possibility that his sentences would run consecutively, *id.*, Exh. P. The state circuit court dismissed the petition in February 2011, *id.*, Exh. Q, and Hillock did not pursue an appeal from that judgment, *see* R. 9 at 4.

In August 2012, Hillock filed a second petition for relief from judgment, again challenging the validity of his guilty plea and propriety of his sentence. He alleged: (1) his plea was not knowing or voluntary because at the plea hearing, the trial court failed to advise him that he was required to serve a term of mandatory supervised release ("MSR") upon his release from prison; and (2) his MSR term, imposed by the Illinois Department of Corrections, was contrary to the Illinois Constitution's separation of powers clause. R. 9, Exh. R. The state circuit court dismissed Hillock's 2-1401 petition in October 2012. *Id.*, Exh. S. Hillock appealed this dismissal, and his appeal is currently pending in the state appellate court. *Id.*, Exh. T.

Hillock claims he is also pursuing further postconviction relief in the form of a successive postconviction petition. In that petition, he argues that postconviction counsel was ineffective for failing to attach necessary affidavits to his postconviction

4

petition. R. 1 at 4. The Warden confirms that Hillock initiated successive postconviction litigation on April 16, 2013, and that the case is pending in state court. R. 9 at 5.[4]

This Court received Hillock's § 2254 petition on March 13, 2013. The only claim Hillock pursues in this Court is that appellate counsel was ineffective for failing to argue on direct appeal that trial counsel did not adequately investigate erroneous information in a letter that trial counsel, at Hillock's request, had tendered in mitigation at sentencing. R. 1 at 6. The letter indicated that Hillock had been offered a job by a Mr. and Mrs. Vasquez who owned a trucking firm in Texas. R. 9, Exh. J at 34-36. But an investigation later revealed that much of this information was false, and the trial court later considered Hillock's fraud on the court as an aggravating factor at sentencing. *Id.,* Exh. G. at 9-10, 13.

**Analysis**

The Warden argues that the one claim that Hillock raises in his § 2254 petition is procedurally defaulted and that there are no grounds to excuse the default of that claim.[5] Hillock recognizes that his current claim was raised in the state trial and appellate courts in his first postconviction round, R. 9, Exh. H at 1; *id.*, Exh. I at 25-31, but was omitted from his ensuing PLA in the state supreme court, *id.*, Exh. N at 10-15. R. 12 at 1; R. 15 at 2. Because Hillock failed to present

---

[4] This petition was not included in the Warden's Rule 5 exhibits.

[5] The Warden concedes that Hillock's claim is timely and that it is not barred by non-retroactivity principles. R. 9 at 6.

5

his habeas claim in "one complete round of the State's established appellate review process," his claim is procedurally defaulted on federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (*Boerckel*'s one complete round requirement "applies with equal force in a case . . . on [state] collateral review"); *see also Pole v. Randolph*, 570 F.3d 922, 934-35 (7th Cir. 2009) ("[I]f a petitioner fails to assert in the state courts a particular factual basis for the claim of ineffective assistance [in one complete round], that particular factual basis may be considered defaulted."). Attempting to correct this procedural misstep, Hillock requests a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may "exhaust" his defaulted claim by presenting it in another PLA to the state supreme court.[6] *See Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (completing one round of the State's appellate review process in Illinois means that habeas petitioner "must have . . . appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court").

The Warden opposes Hillock's request for a stay—for good reason. Hillock had the opportunity to raise his habeas claim in his postconviction PLA, and in fact availed himself of that opportunity by filing a PLA in the state supreme court. That PLA, however, specifically omitted Hillock's current habeas claim, and the state supreme court, after reviewing the claim raised in that PLA, denied review in

---

[6] Hillock has not attempted to exhaust his habeas claim by pursuing it another round of state court review. Neither of Hillock's collateral attacks that are currently pending in state court includes his current habeas claim.

6

November 2012. Hillock cites no precedent or Illinois rule that allows a party to file more than one PLA in a single case, much less file a second PLA after one has already been adjudicated by the state supreme court. Indeed, Illinois Supreme Court Rule 315 appears to contemplate the filing of only one PLA following a state appellate court's judgment. *See* Ill. Sup. Ct. R. 315 ("*a* petition for leave to appeal to the Supreme Court from the Appellate Court may be filed by any party") (emphasis added); *cf. Dolis v. Gilson*, No. 07 C 1816, 2009 WL 5166228, at *8 (N.D. Ill. Dec. 23, 2009) (noting "rules preventing a party from filing more than one . . . PLA in a single case").

In any event, even if Illinois law allowed Hillock to file a second PLA under these circumstances, that PLA would be untimely. Illinois law requires that a PLA be filed within 35 days of the entry of the state appellate court's judgment, or the entry of an order denying a petition for rehearing. Ill. Sup. Ct. R. 315(b). The state appellate court entered its judgment affirming the dismissal of Hillock's postconviction petition in August 2012 and denied Hillock's petition for rehearing that same month. Any belated attempt by Hillock to now file a second PLA requesting review of that August 2012 judgment would be denied by the Illinois Supreme Court. Accordingly, because Hillock is precluded under Illinois law from returning to state court to "exhaust" his current habeas claim, a stay to pursue a belated second PLA is not warranted. Thus, as it stands, Hillock's claim was not presented to the state courts in one complete round of review in a timely fashion, and it is therefore procedurally defaulted. *See Boerckel*, 526 U.S. at 848 (holding

7

claims defaulted where omitted from PLA and "time for filing such a petition has long passed"); *see also Guest*, 474 F.3d at 930 ("If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted.").

*Rhines v. Weber*, 544 U.S. 269 (2005), on which Hillock relies in support of his request for a stay, does not help him. Under *Rhines*, a district court has the discretion to stay proceedings on a "mixed" § 2254 petition—one containing exhausted and unexhausted claims, *see Arietta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006)—pending exhaustion of state court remedies of an unexhausted claim in that petition (1) if there is "good cause" for the habeas petitioner's failure to first exhaust his claims in state court; and (2) the unexhausted claim is not "plainly meritless." *Rhines*, 544 U.S. at 277-78. Hillock's habeas petition is not a "mixed" petition—the Court has already concluded that Hillock had an opportunity to and did in fact file a PLA in his first postconviction round and that he is precluded from returning to state court to file a second PLA. Hillock's § 2254 petition thus contains only an exhausted claim. A stay under *Rhines* is therefore unwarranted.

Nor are there any grounds to excuse Hillock's default. This Court may reach the merits of a procedurally defaulted claim if the habeas petitioner can show cause and prejudice to excuse the default, or demonstrate that he is actually innocent, so that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009); *see also House v. Bell*, 547 U.S. 518,

536 (2006); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Buie v. McAdory*, 341 F.3d 623, 627 (7th Cir. 2003).

To demonstrate "cause," a habeas petitioner must show that "some objective factor external to the defense impeded [his] efforts" to pursue his claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Smith v. McKee*, 598 F.3d 374, 383 (7th Cir. 2010). And to satisfy the "prejudice" component, the petitioner "must 'shoulder the burden of showing . . . that the errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1050 (7th Cir. 2001) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis omitted). Hillock makes no argument as to how "some objective factor external to the defense" impeded his ability to pursue his habeas claim in the PLA that he filed in the state supreme court. Instead, he focuses on the underlying merits of his present ineffective assistance claim, arguing that (1) trial counsel was deficient for failing to investigate the letter he submitted as mitigating evidence, only to later discover that the letter contained fraudulent information; and (2) he was prejudiced by trial counsel's deficient performance because the trial court used the fact that the letter contained fraudulent information as an aggravating factor during sentencing. This merits-based argument is not a basis for excusing the default of Hillock's claim; it provides no explanation as to how he was precluded from pursuing his current habeas claim in his postconviction PLA. Rather, Hillock chose to abandon it

9

in his appeal to the state supreme court. Hillock therefore shows no cause to excuse his default.

Hillock further contends in his stay motion that "[w]ithout federal habeas review, 'a fundamental miscarriage of justice' will result." R. 12 at 1; R. 15 at 4. He provides nothing further other than this brief statement in support of his actual innocence claim.[7] Indeed, he fails to explain how or why he is actually innocent, much less provide the requisite "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial" necessary to make out a claim for actual innocence. *House*, 547 U.S. at 537 (quoting *Schlup*, 547 U.S. at 324). The Supreme Court recently reiterated the very high hurdle that habeas petitioners must clear to pass through the actual innocence gateway to excuse the procedural default of a habeas claim, holding that "a [habeas] petitioner does not meet the threshold requirement [to clear that gateway] unless he persuades the district court in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (quoting *Schlup*, 513 U.S. at 329). Because Hillock makes no argument in support of his

---

[7] It seems incongruous for the actual innocence gateway to be available to a habeas petitioner after he has waived his right to a jury trial and pled guilty. But in *Bousley v. United States*, 523 U.S. 614, 623-24 (1998), the Supreme Court made the actual innocence gateway previously available to federal habeas petitioners challenging convictions following jury trials also available to those petitioners challenging convictions following guilty pleas. Although *Bousley* involved proceedings under § 2255, there appears no reason (and it has not been argued) why *Bousley*'s holding would not also apply in the § 2254 context.

claim of actual innocence, this Court will not consider it.[8] *See Franklin v. Gilmore*, 188 F.3d 877, 884 (7th Cir. 1999) (where habeas petitioner did not make "fundamental miscarriage of justice" argument, court was in no position to "make it for him").

In sum, Hillock's motion to stay is denied because no avenues exist for him to "exhaust" his habeas claim in state court and a stay to pursue his proposed avenue would be fruitless. Accordingly, this Court will enforce the procedural default of Hillock's claim where he failed to raise it one complete round of state court review and has provided no grounds to excuse his default.

Finally, Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). And where a petition is disposed of based on a procedural bar, without reaching the merits of the underlying constitutional claims, a certificate of appealability should issue only if reasonable jurists would find the adjudication of the antecedent procedural ruling "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Lavin*, 641 F.3d at 832. Because the procedural default of Hillock's ineffective

---

[8] Actual innocence in this context means "factual innocence, not merely legal insufficiency." *Bousley*, 523 U.S. at 623. Thus, had Hillock attempted to make this showing he would have to demonstrate that he had not committed the crimes of which he had been accused and to which he pled guilty. *See id.*; *see also Nitz v. Cox*, No. 01 C 7699, 2006 WL 59367, at 4 n. 9 (N.D. Ill. Jan. 4, 2006).

assistance of appellate counsel claim is not debatable, the Court denies certification of it for appellate review. *See Slack*, 529 U.S. at 584 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

**Conclusion**

For the foregoing reasons, Hillock's habeas claim is procedurally defaulted, and his § 2254 petition is denied. His motion to stay is also denied. Finally, because the procedural default of Hillock's claims is not debatable, the Court declines to issue a certificate of appealability.

ENTERED:

_____
Thomas M. Durkin
United States District Judge

Dated: August 28, 2013